**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MAE E. ENGRON, | ) | |
|         Plaintiff, | ) | |
|     v. | ) | 1:05-cv-1202-RLY-WTL |
| | ) | |
| HOMECOMING FINANCIAL, | ) | |
| | ) | |
|         Defendant. | ) | |

**E N T R Y**

      The plaintiff was directed to identify the basis of the court's subject matter jurisdiction in this action. She was given through December 21, 2006, in which to do so. She failed to do so by that deadline. The court thereafter noted the foregoing and renewed its directions to the plaintiff, giving her a new deadline, through January 11, 2007, in which to show cause why the action should not be dismissed for lack of jurisdiction.

      Again, the plaintiff has not responded and again the deadline has passed.

      Subject matter jurisdiction "defines the court's authority to hear a given type of case." *United States v. Morton,* 467 U.S. 822, 828 (1984). This is a court of limited jurisdiction. The plaintiff has invoked the diversity jurisdiction of this court seeking an adjudication of a contract dispute with the defendant. "A litigant may invoke diversity jurisdiction in federal court when all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. *Tropp v. Western-Southern Life Ins. Co.,* 381 F.3d 591, 593 (7th Cir. 2004). "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348, 353 (1961). The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins. *Hart v. Schering-Plough Corp.,* 253 F.3d 272, 273 (7th Cir. 2001).

In this case, the amount in controversy does not exceed two monthly mortgage payments due from the plaintiff, meaning that the amount in controversy does not exceed $1,000.00. Because this is the case, the complaint cannot be reasonably understood to meet the minimum amount in controversy requirement of 28 U.S.C. § 1332, the court lacks subject matter jurisdiction over the plaintiff's claim and the court is required to dismiss the action. *See generally Cook v. Winfrey,* 141 F.3d 322, 325 (7th Cir. 1998)("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (alteration in original) (internal quotation marks omitted). Judgment consistent with this Entry shall now issue. The defendant's motion for summary judgment is **denied as moot.**

**IT IS SO ORDERED.**

Date:  1/17/07

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana